## QUINLAN *v.* FITZPATRICK & TEAGUE.

ADMINISTRATION OF ESTATES—*appointment of auditor.* The probate court, has no power to appoint an *auditor* on an estate unless exceptions have been filed to the account of the administrator.

ORDER OF DISTRIBUTION. The probate court has no authority to order the administrator to pay demands on its own motion; but *must distribute* by its own order the money (not uncollected claims) found upon settlement to be in the administrator's hands.

*Appeal from Phillips Circuit Court.*

Hon. JOHN E. BENNETT, Circuit Judge.

ENGLISH, GANTT & ENGLISH, for appellant.

MCCLURE, J.

It appears that Bridget Quinlan was appointed administratrix on the estate of Thomas Quinlan, deceased, in the month of March 1862; that, in October of 1867, she filed her account for partial settlement, whereby it is made to appear that the said administratrix is charged with $3,874$\frac{76}{100}$, which item is made up of certain writings obligatory, and personal property described in the inventory of the estate; that said administratrix has paid out, on proper vouchers, the sum of $2,369$\frac{18}{100}$, thus leaving assets in her hands to the amount of $1,505$\frac{58}{100}$.

Notice was given by publication of the filing of said account for settlement, and, at the January term of the probate court, the same was confirmed, and ordered to be spread upon the records of the court.

At the April term of said court the following order was made:

"This day came John D. Parish, appointed to audit the estate of Thomas Quinlan, deceased, and filed his report as such

auditor, which report being examined by the court, the same is approved and affirmed. It is therefore ordered by the court, that the administratrix of said estate be and is hereby authorized and directed to pay all claims probated and allowed against said estate, except those classed in the fifth class, and take receipt for the same. And it is further ordered, that she pay John D. Parish the sum of fifteen dollars for auditing said estate; and it is further ordered, that said administratrix of said estate make final settlement of said estate at the next term of this court."

On the 7th day of May, 1868, Fitzpatrick and Teague (having previously obtained the allowance of an account against the estate of Quinlan, deceased) filed an affidavit, stating that payment of said claim had been demanded from Bridget Quinlan, the administratrix of said estate, and that she had failed to pay the same. Upon the filing of the affidavit, an execution issued against the administratrix.

The administratrix then applied for a writ of *certiorari*, stating as grounds therefor that the order appointing Parish as auditor was without authority of law, no exceptions having been filed to her account; that she had no notice of such intended appointment, or the making of the order compelling her to pay all but the fifth class claims, and had no opportunity of availing herself of the appeal authorized by statute, and that a supersedeas might be granted until such time as the error complained of could be heard in the circuit court. At the hearing, in the circuit court, the proceedings of the probate court were in all things affirmed, and the supersedeas quashed. From this judgment the administratrix appealed to this court.

The appointment of Parish as auditor seemed to have been made by the court on its own motion. No exceptions were filed to the account of the administratrix. Our statute provides, in substance, that "where exceptions shall have been filed to an account current of any administrator, that such court may, if deemed expedient, refer such an account to an

auditor." It follows, therefore, that the appointment of Parish as an auditor was without authority of law.

The next question arising in this case is: Had the probate court authority to order the payment of the claims on its own motion, at the April term, the court having at its January session merely confirmed and ordered the settlement to be spread upon the record? Section 14 of Gould's Digest, chapter 128, says: "At every *settlement* the court shall ascertain the amount of *money* which may have come into the hands of the executor or administrator from all sources, and   * * * the money remaining, after the expenses of administration are paid, shall be apportioned among the creditors, according to the provisions of this act."

It will be observed that the law emphatically declares that the court shall ascertain the amount of *money* remaining in the hands of the administrator *at the settlement*. The *settlement*, contemplated by the act, was made in January, and no distribution of *money* was ordered. It appears from the record that, *at the settlement*," the court confirmed the account, and ordered the same spread upon the record. It does not appear that, at *this* settlement, any *money* remained in the hands of the administratrix, nor is there any order distributing the same. On the contrary, it now appears, from the showing of the administratrix, that the sum of $1,505$\frac{58}{100}$, that appears as a balance in her hands, consists of a negro woman, now free, valued at $500, and several uncollected notes.

The record shows that the action of the court in April was upon its own motion, and fails to show either the presence of or notice to the administratrix. It follows, therefore, that she can not be bound by the action of the court. The object, spirit and intent of the law is, that at the term to which notice is given for making settlement, or to which such settlement may be adjourned, at a time when the administrator is in court, the amount of *money* (not uncollected claims in his hands) belonging to the estate shall be ordered to be paid to the persons entitled thereto under the law.

If the law required the executor, or administrator, to be held responsible for the immediate payment of the debts of an estate, before the *money* had been realized from the assets of the estate, but few persons could be found who would accept such trusts.

The appointment of Parish is without authority of law. The order of distribution made by the probate court, at its April term, is void. The judgment of the circuit court is reversed, and that court is directed to enter a perpetual supersedeas of the execution, and this cause remanded, with instructions to quash so much of the proceedings of the probate court as conflicts with this opinion.